# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2011

No. 10-40771

Lyle W. Cayce
Clerk

ROY MAYNOR

Plaintiff - Appellant

v.

THE DOW CHEMICAL COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-504

Before GARWOOD, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roy Maynor sued his former employer, the Dow Chemical Company, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Maynor alleged, among other claims, that Dow had fired him in retaliation for complaining about Dow's policy regarding training and skills assessments. The jury found that Maynor had been fired in retaliation for activity protected by the FLSA. Following the verdict, the district court granted Dow's motion for judgment as a matter of law on the retaliation claim, finding that there was insufficient

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40771

evidence for a reasonable jury to have found that Maynor had been fired because of his engagement in protected activity.  Maynor appealed.

We affirm the district court's judgment as a matter of law, finding that Maynor failed to present a legally sufficient evidentiary basis for a reasonable jury to find retaliation, for the reasons essentially as stated in the district court's thorough and well-considered July 19, 2010, Memorandum Opinion.  While Maynor's oral complaint constituted protected activity under the FLSA,[1] the district court's judgment as a matter of law was proper because the "facts and inferences point so strongly and overwhelmingly" in favor of Dow's explanation of the reasons for Maynor's termination that "reasonable men could not arrive at a contrary verdict."  *Boeing Co. v. Shipman*, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), *overruled in other respects*, *Gautreaux v. Scurlock Marine*, 107 F.3d 331, 336 (5th Cir. 1997) (en banc) ("A mere scintilla of evidence is insufficient to present a question for the jury....  There must be a conflict in substantial evidence to create a jury question."); *see also Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 475 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1027 (2006) (same).

AFFIRMED

---

[1] The reasoning of the district court on this point has since been confirmed by the United States Supreme Court in *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325, 1329 (2011) (finding that the FLSA's term "filed any complaint" does include oral as well as written complaints).